IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HENSLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-348-NJR-RJD |
| | ) |
| AMSTED RAIL COMPANY, | ) |
| INC./ASF-KEYSTONE, INC., and | ) |
| MATT FERGUSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiff Michael Hensler's Motion to Voluntarily Dismiss Counts I, II, V, and VI (Doc. 21). The motion seeks to dismiss all claims brought pursuant to federal statutes, leaving four Illinois Human Rights Act claims and two Illinois common law claims, one for intentional interference of economic advantage and the other for retaliatory discharge after requesting workers' compensation benefits.

On December 1, 2016, Amsted Rail Company, Inc. and Matthew Ferguson ("Defendants") filed a response to Hensler's Motion to Voluntarily Dismiss, indicating that they do not oppose dismissal of Counts I, II, V, and VI (Doc. 28). Defendants argue, however, that federal question jurisdiction continues on the basis of the intentional interference of economic advantage claim. Specifically, Defendants argue for the first time that the intentional interference of economic advantage claim is in reality an

intentional interference of a contractual relationship claim, and it is preempted by the Labor Management Relations Act.

Since Defendants have indicated that they have no objection to dismissal of the federal claims (Counts I, II, V, and VI), the Court **GRANTS** the Motion to Voluntarily Dismiss Counts I, II, V, and VI of Plaintiff's Complaint (Doc. 21). Counts I, II, V, and VI are **DISMISSED without prejudice**.

Although Defendants argue that the Court has federal jurisdiction based on preemption, the Notice of Removal alleges as the sole basis for this Court's federal question jurisdiction that Hensler asserts claims under the Age Discrimination in Employment Act ("ADEA") (in Counts I and II) and the Americans with Disabilities Act ("ADA") (in Counts V and VI). These claims have now been dismissed. Preemption of the intentional interference of economic advantage claim (Count X) was never raised in the Notice of Removal as a basis for federal jurisdiction, and Defendants have failed to show (or even argue) why they would be permitted to amend the Notice of Removal to add preemption as a basis for jurisdiction. *See* 28 U.S.C. § 1446(b); *see also Simmons ex rel. Simmons v. COA, Inc.*, Civil No. 2:12 cv 39, 2012 WL 1947172, at *1 (N.D. Ind. May 30, 2012) (after the thirty day removal period provided for in 28 U.S.C. § 1446(b), substantive amendments—such as those that state a new basis for exercising jurisdiction—are prohibited); *see also Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 785 (S.D. Ill. 2006). Considering the current posture of this case, the Court is not confident that it has federal subject matter jurisdiction. Thus, now that Counts I, II, V, and VI have dropped out, the

Court would need to retain its supplemental jurisdiction over the remaining state law claims for this case to proceed in federal court.

A district court is permitted to decline the exercise of supplemental jurisdiction over related claims once the federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). The decision to relinquish supplemental jurisdiction is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "Although the decision is discretionary, '[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.'" *RQJ Mgmt. Co., Inc. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). The presumption may be rebutted when certain exceptions are present, such as: "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Id.* at 480. The Court finds that none of these exceptions applies. The statute of limitations is irrelevant because the case would be remanded and not dismissed, substantial federal resources have not been expended, and it is not obvious how the claims should be decided.

Also, when deciding whether to exercise supplemental jurisdiction, district courts should consider and weigh "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S 156, 173 (1997); *Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). In this instance, a balance

of the common law factors warrants remand. The Court has expended relatively minimal resources on this case, and dispositive motions have not yet been filed. In the interest of comity, Illinois courts should resolve the six remaining claims that involve matters of state law. Accordingly, the Court relinquishes its supplemental jurisdiction over the state law claims and **REMANDS** this action to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.[1] The Court **DENIES as moot** the pending Motion for Leave to Take Additional Depositions (Doc. 34).

    IT IS SO ORDERED.

    DATED:   December 16, 2016

                                               **s/ Nancy J. Rosenstengel_____**
                                               **NANCY J. ROSENSTENGEL**
                                             **United States District Judge**

---

[1] The Court points out that, although Hensler has not formally filed a motion to remand, Hensler suggested as much when he referenced that the Court could decline to exercise supplemental jurisdiction over the remaining state law claims in his Motion to Voluntarily Dismiss Counts I, II, V, and VI (and the Court gave Defendants ample time to address this argument in their Response). Nonetheless, a formal motion to remand is not required, because the Court may remand this action *sua sponte* pursuant to 28 U.S.C. § 1367(c)(3). *See e.g., Miller v. Hypoguard USA, Inc.*, No. 05-CV-0186-DRH, 2006 WL 1285343, at *9 (S.D. Ill. May 8, 2006) (remanding remaining state law claims *sua sponte* to Madison County state court after declining to exercise supplemental jurisdiction).